United States District Court
Southern District of Texas
**ENTERED**
August 31, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEAMON GRAHAM, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:15-cv-01591 |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### I.   INTRODUCTION

Pending before the Court is the defendant's, Wal-Mart Stores Texas, LLC ("Wal-Mart"), motion for summary judgment. (Dkt. No. 20). The plaintiff, Leamon Graham (the "plaintiff"), has failed to file a response to the motion and the time for doing so has long elapsed. In accordance with this Court's local rules, the plaintiff's failure to respond will be "taken as a representation of no opposition." S.D. Tex. L.R. 7.4. After having carefully considered the motion, the pleadings, the record and the applicable law, the Court determines that Wal-Mart's motion for summary should be **GRANTED**.

### II.   FACTUAL OVERVIEW

The facts of this case are taken from the plaintiff's First Amended Petition. (*See* Dkt. No. 7). On or about June 3, 2013, the plaintiff, while shopping at a Wal-Mart located at 13750 East Freeway, Houston, Texas 77015, "slipped and fell on a liquid substance which had previously fallen and remained on the floor." (Dkt. No. 7 at 2, ¶ 9; *see also* Dkt. No. 20, Ex. A.). The plaintiff alleges that he sustained injuries and damages as a result of his fall. Wal-Mart now moves for a summary judgment on the plaintiff's premises liability claim.

### III. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."

*Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52 (1986)).

The plaintiff in this case has not filed a response to Wal-Mart's motion for summary judgment. According to this Court's local rules, responses to motions are due within twenty-one days, unless the time is extended. S.D. Tex. L.R. 7.3. A failure to respond is "taken as a representation of no opposition." S.D. Tex. L.R. 7.4. Notwithstanding the plaintiff's failure to file a response, summary judgment may not be awarded by default. *See Hibernia Nat'l Bank v.*

*Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (citing *Hibernia Nat'l Bank*, 776 F.2d at 1279). To this end, Wal-Mart, as "[t]he movant[,] has the burden of establishing the absence of a genuine issue of material fact and, unless [it] has done so, the court may not grant the motion, regardless of whether any response was filed." *See Hetzel*, 50 F.3d at 362 n.3. Nevertheless, in determining whether summary judgment is appropriate, a district court may accept as undisputed the facts set forth in the motion. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (internal citations omitted). Accordingly, this Court accepts Wal-Mart's facts and evidence as undisputed.

IV.   **ANALYSIS AND DISCUSSION**

It is undisputed that Wal-Mart owes its invitees, like the plaintiff, "a duty to exercise reasonable care to protect [them] from dangerous conditions in the store" that are known or reasonably discoverable. *See Wal–Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). This general rule, however, does not impose a strict liability standard upon a premises owner, such as Wal-Mart, so as to make it "an insurer of the invitee's safety." *Id.* (citation omitted). Rather, in order to recover damages in a slip-and-fall premises liability action, a plaintiff is required to establish the following:

> (1) Actual or constructive knowledge of some condition on the premises by the owner/operator; (2) That the condition posed an unreasonable risk of harm; (3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Gonzalez*, 968 S.W.2d at 936 (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992); *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983)). "To establish a premises

owner's constructive knowledge of the presence of an unreasonable risk of harm, a plaintiff generally must prove that the risk existed for a time sufficiently long to permit the premises owner (or his employees) to (1) discover it and (2) correct it." *Dixon v. Wal-Mart Stores, Inc.*, 330 F.3d 311, 316 (5th Cir. 2003). The actual or constructive knowledge and/or notice element of the aforementioned test is demonstrated by establishing that:

> (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it.

*Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002) (internal citations omitted).

Wal-Mart moves for a summary judgment on the plaintiff's premises liability claim, asserting that the plaintiff has failed to establish the essential elements of his premises liability claim—namely that Wal-Mart had actual or constructive notice of an unreasonably dangerous condition on its premises and that its failure to use reasonable care proximately caused the plaintiff's injuries. The plaintiff has failed to offer any evidence that Wal-Mart placed the liquid substance on the floor, that Wal-Mart actually knew that the liquid substance was on the floor or that the liquid substance existed for some definite length of time so as to give Wal-Mart a reasonable opportunity to discover it and remedy the dangerous condition created by the substance. As support for its position that no genuine issue of material fact exists that it lacked knowledge or notice of the alleged condition on the floor, Wal-Mart has tendered video surveillance, which exhibits no evidence of the liquid substance's origin or otherwise provides any indication as to the length of time the liquid substance remained on the floor prior to the plaintiff's slip and fall. (*See* Dkt. No. 20, Ex. C). Without any evidence demonstrating that the

liquid substance remained on the floor long enough for Wal-Mart to discover it, the plaintiff's premises liability claim fails.

Further, even assuming that Wal-Mart was aware of a dangerous condition posed by the liquid substance on the floor and, as such, owed the plaintiff a duty to warn, Wal-Mart's purported failure to warn the plaintiff was not the "but for" cause of the plaintiff's injuries, as the video surveillance establishes that the plaintiff stumbled and fell to the ground only after being shoved by another female patron. (*Id.*)  Thereafter, the plaintiff stood up and then fell to the ground again. (*Id.*).  When weighing all of the evidence in the light most favorable to the plaintiff, the Court determines that the plaintiff has failed to produce any evidence to create a genuine issue of material fact as to Wal-Mart's actual or constructive notice of any dangerous condition posed by a liquid substance on the floor that caused the plaintiff's fall.  Since no genuine issue of material fact exists concerning the plaintiff's premises liability claim, Wal-Mart's is entitled to judgment as a matter of law.

V.     **CONCLUSION**

Based on the foregoing analysis and discussion, Wal-Mart's motion for summary judgment is **GRANTED**.

It is so **ORDERED**.

SIGNED on this 31st day of August, 2016.

_____
Kenneth M. Hoyt
United States District Judge